*Ohio Carpenters Pension Fund v. Norfolk Southern Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-six.

PRESENT:
            DENNIS JACOBS,
            BARRINGTON D. PARKER,
            ALISON J. NATHAN,
                *Circuit Judges.*
_____

In Re Norfolk Southern Corporation
Bond/Note Securities Litigation 23-cv-4068
(LAK)

_____

Ohio Carpenters' Pension Fund,
*Individually and on Behalf of All Others
Similarly Situated*, City Of Pontiac
Reestablished General Employees'
Retirement System, *Individually and on
Behalf of All Others Similarly Situated*,

*Lead-Plaintiffs-Appellants.*

v.                                                      No. 25-739

**Norfolk Southern Corporation, Alan H. Shaw, James A. Squires, Mark R. George, Clyde H. Allison, Jr., Thomas D. Bell, Jr., Mitchell E. Daniels, Jr., Marcela E. Donadio, John C. Huffard, Christopher T. Jones, Thomas C. Kelleher, Steven F. Leer, Michael D. Lockhart, AKA Mikey Rtn, Amy E. Miles, Claude Mongeau, Jennifer F. Scanlon, John R. Thompson, BofA Securities, Inc., Morgan Stanley & Co. LLC, Wells Fargo Securities, LLC, Capital One Securities, Inc., Fifth Third Securities, Inc., MUFG Securities Americas Inc., PNC Capital Markets LLC, Siebert Williams Shank & Co., LLC, SMBC Nikko Securities America, Inc., Citigroup Global Markets Inc., Goldman Sachs & Co., LLC, U.S. Bancorp Investments, Inc.,**

*Defendants-Appellees.*[*]

_____

**FOR LEAD-PLAINTIFFS-APPELLANTS:** ALFRED L. FATALE III, Jessica N. Goudreault, and Charles J. Stiene, Labaton Keller Sucharow LLP, New York, NY.

---

[*] The Clerk of the Court is respectfully directed to amend the caption.

**FOR DEFENDANTS-APPELLEES:**     MICHAEL G. BONGIORNO, Tamar Kaplan-Marans, and Trena M. Riley, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, Denise Tsai, Sofie C. Brooks, and Elizabeth Bedrick, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lead-Plaintiffs-Appellants in this putative class action appeal from a February 27, 2025 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) dismissing their complaint against Norfolk Southern Corporation (Norfolk Southern), 16 of its officers, and the underwriters of seven senior notes it issued. Plaintiffs allege that Norfolk Southern misrepresented the safety of its operations, hiding its adoption of measures that led to the 2023 crash of a train carrying hazardous materials in East Palestine, Ohio. In support, they point to seven allegedly misleading statements in the offering

3

materials for the notes. The district court held that four of the statements were inactionable puffery and that the remaining three were not sufficiently alleged to be false. We agree, and therefore affirm.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision. We review the district court's decision *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

\* \* \*

Section 11 of the Securities Act of 1933 "prohibits materially misleading statements or omissions in registration statements filed with the SEC." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010) (citing 15 U.S.C. § 77k(a)). To state a claim under Section 11, a plaintiff must allege that "(1) she purchased a registered security, either directly from the issuer or in the aftermarket following the offering; (2) the defendant participated in the offering in a manner sufficient to give rise to liability under section 11; and (3) the registration statement 'contained an untrue statement of a material fact or omitted

4

to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" *Id.* at 358–59 (quoting 15 U.S.C. § 77k(a)). Plaintiffs' case hinges on two issues: "(1) the existence of either a misstatement or an unlawful omission; and (2) materiality." *Id.* at 360.

We agree with the district court that four of the alleged statements are not material, because they are "too general to cause a reasonable investor to rely upon them." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009). Defendants claimed that their business model was "designed to assure . . . safe, efficient, and reliable" operations, that "[s]afety is a way of life at Norfolk Southern," that "[w]e remain committed to protecting our employees and providing excellent . . . service," and that safety is "part of who we are" and "core to our business strategy." Appellants' Br. at 8-9 (alteration adopted). Such statements were "merely generalizations regarding [Norfolk Southern's] business practices." *ECA*, 553 F.3d at 206. They "did not, and could not, amount to a guarantee that its choices would prevent failures in its risk management practices." *Id.* Plaintiffs argue that Norfolk Southern's statements about safety should be held to a higher standard because its safety practices were

5

unusually important in light of its common-carrier obligation to transport hazardous materials. But that conflates the importance of a statement with its materiality. *Id.* Plaintiffs also note that Norfolk Southern's competitors have made similar statements, but that fact only further illustrates that "[n]o investor would take such statements seriously in assessing a potential investment[.]" *ECA*, 553 F.3d at 206.

Nor does it matter that Norfolk Southern was allegedly making its operations less safe when it made the statements. The fact that "statements were knowingly and verifiably false when made does not cure their generality, which is what prevents them from rising to the level of materiality required to form the basis for assessing a potential investment." *Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 97–98 (2d Cir. 2016). The statements do not "specific[ally]" link safety practices to Norfolk Southern's "financial condition" or "clearly . . . distinguish the company from other specified companies in the same industry," concrete details that we have suggested may give rise to a securities violation. *See, e.g., id.* at 98.

We also agree with the district court that Plaintiffs failed to plead that the

6

remaining three statements were false. The first of those statements reads: "We are dedicated to providing employees with a safe workplace and the knowledge and tools they need to work safely and return home safely every day. Our commitment to an injury-free workplace is illustrated by our 'I am Coming Home' safety message, which is featured prominently in our yards, shops, and facilities and further reinforces the importance of working safely." Appellants' Br. at 8-9. The first sentence of that statement is inactionable puffery for the reasons explained above. The second sentence is sufficiently specific but not false—Plaintiffs did not allege that Norfolk Southern failed to prominently display the "I am Coming Home" message.

The next statement reads: "We provide a range of developmental programs, opportunities, skills, and resources for our employees to work safely and be successful in their careers. We provide hands-on training and simulation training designed to improve training effectiveness and safety outcomes." *Id.* at 9. But Plaintiffs' allegations center on staffing cuts, inadequate maintenance and inspection of trains, overworked engineers, shoddy repairs, and a culture of suppressing criticism. The complaint does briefly allege that Norfolk Southern's

six-week training program was a "cram course" without adequate knowledge testing procedures. Joint App'x at 58, 69. But that only confirms that a training program did exist, as the statement conveys. The complaint does not allege that the program lacked a "hands-on" component or "simulation training." *Cf.* Appellants' Br. at 9. And the portion of Norfolk Southern's statement characterizing its training program as "designed to improve training effectiveness and safety outcomes," *id.*, is again puffery.

The final statement reads: "Given the importance of safety among our workforce and business, in 2020, our Board of Directors established a standing Safety Committee that, among other duties, reviews, monitors, and evaluates our compliance with our safety programs and practices." *Id.* The complaint does not allege that the Safety Committee did not exist or did not perform the listed functions, and thus fails to plead falsity.

Other than the challenged statements, Plaintiffs point to nothing that would have imposed on Defendants a freestanding duty to disclose more information about Norfolk Southern's safety practices. The mere fact that investors would have benefitted from knowing that information does not suffice. *See In re Time*

8

*Warner Inc. Sec. Litig.*, 9 F.3d 259, 267 (2d Cir. 1993) ("[A] corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact."). We therefore agree with the district court that Plaintiffs have alleged no actionable falsehoods or omissions under the Securities Act. Thus, the complaint was correctly dismissed.

*    *    *

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court